IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| GABRIEL GONZALEZ, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-15-184 |
| | : | |
| JOHN WENTZEL, ET AL., | : | (Judge Conaboy) |
| | : | |
| Defendants | : | |

---

## MEMORANDUM
## Background

Gabriel Gonzalez (Plaintiff), an inmate presently confined
at the State Correctional Institution, Coal Township, Pennsylvania
(SCI-Coal Twp.), initiated this pro se civil rights action pursuant
to 42 U.S.C. § 1983.  Named as Defendants are Secretary John Wetzel
of the Pennsylvania departement of Corrections (DOC),
Superintendent Vincent Mooney and Doctor Michael Moclock of SCI-
Coal Twp.

According to the sparsely worded Complaint, Plaintiff has
"multiple chronic care issues" and pain which are not being
"properly addressed" by the SCI-Coal Twp. Medical staff.  Doc. 1, ¶
IV.  Gonzalez adds that although he was previously determined to be
eligible for a handicapped cell in 2012, SCI-Coal Twp. RN
Supervisor Yackiel, a non-defendant improperly denied his request
for such continued placement on the grounds that he is not

1

handicapped.[1]   The Complaint and attached exhibits generally
conclude that the Defendants have violated his constitutional
rights as well as  the Americans with Disabilities Act (ADA).
Gonzalez seeks injunctive relief including placement in a
handicapped accessible cell and evaluation by an outside physician.

Presently pending is Defendant Doctor Moclock's motion to
dismiss or in the alternative for entry of summary judgment.  See
Doc. 23.   The motion has been opposed.  See Doc. 27.

### Discussion

**Motion to Dismiss**

Defendant Moclock's pending dispositive motion is supported
by evidentiary materials outside the pleadings.   Federal Rule of
Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or
> 12(c), matters outside the pleading are
> presented to and not excluded by the
> court, the motion must be treated as one
> for summary judgment under Rule 56. All
> parties must be given reasonable
> opportunity to present all the material
> that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials
accompanying Defendant Moclock's motion.   Thus, the motion will be
treated as solely seeking summary judgment.  See Latham v. United
States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to
dismiss has been framed alternatively as a motion for summary
judgment such as in the present case, the alternative filing "is

---

1.  Plaintiff acknowledges that due to a back condition, he has
been designated for lower bunk, lower tier placement.

sufficient to place the parties on notice that summary judgment might be entered.")

## Summary Judgment

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is

3

a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23.  "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**ADA**

The Moving Defendant's initial argument contends that there is no basis for liability because individuals cannot be held liable under Title II of the ADA. See Doc. 24, p. 4.  As previously noted, the Complaint seeks partial relief under the ADA on the basis that Plaintiff was denied adequate care and accommodations for his chronic back and pain issues.

Plaintiff's opposing brief (Doc. 27) does not specifically address Defendant Moclock's contention that a viable ADA claim has not been set forth in the Complaint.  Accordingly, this summary judgment argument will be deemed unopposed

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

4

discrimination by such entity." 42 U.S.C. § 12132.[2]  The ADA seeks

"to assure even handed treatment and the opportunity for [disabled]

individuals to participate in and benefit from programs [receiving

financial assistance]. <u>Southeastern Community College v. Davis</u>, 442

U.S. 397 (1979).[3] . <u>P.C. v. McLaughlin</u>, 913 F.2d 1033, 1041 (2d

Cir. 1990). An ADA claim requires applicant to show that challenged

action resulted from discriminatory animus based upon alleged

disability.  See <u>Brown v. Pennsylvania Department of Corrections</u>,

290 Fed. Appx. 463, 467 (3d Cir. 2008).

There is no argument that Gonzalez has failed to

sufficiently demonstrate that he is disabled for purposes of the

ADA.  It has also been recognized that the provisions of the ADA

are applicable to prisoners confined in state correctional

institutions.  See <u>Pa. Dept. of Corrections v. Yeskey</u>, 524 U.S.

206 (1998).

Doctor Moclock, relying on <u>Williams v. Hayman</u>, 657 F.Supp.2d

488, 502 (D.N.J. 2008) and similar decisions, contends that Title

II of the ADA does not authorize suits against government officers

in their individual capacities.

---

2.    The regulations implementing the ADA define a "qualified
individual with a disability" as:
> "An individual with a disability who, with
> or without reasonable modifications to
> rules, policies or practices, . . . meets
> the essential eligibility requirements for
> the . . . . participation in programs or
> activities provided by a public entity."

28 C.F.R. § 35.104 (1993).

3.    The "evenhanded treatment" requirement does not, however,
impose an affirmative obligation on public entities to expand
existing programs but only that disabled individuals receive the
same treatment as those who are not disabled.

The United States Court of Appeals for the Third Circuit in
Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002)
suggested in dicta that "individuals are not liable under Titles I
and II of the ADA."  See also Koslow v. Commonwealth of Pa., 302
F.3d 161, 178 (3d Cir. 2002).  Other courts within this circuit
have reached similar conclusions.  See Issa v. Delaware State
University, 2014 WL 3974535 *4(D.Del Aug. 11, 2014)(individual
liability not available for ADA claims).  Based upon the standards
developed in Emerson and Issa, Defendant Moclock's request for
dismissal of the ADA claim will be granted.

## D eliberate Indifference

Plaintiff alleges that there was deliberate indifference to
his medical needs, specifically that he was improperly denied
eligibility for a handicapped cell.  Defendant Moclock asserts that
he first saw Plaintiff on October 23, 2014  that a decision to
remove Plaintiff from a handicapped cell and relocate him to a
bottom tier bottom bunk cell was made prior to said date.  See Doc.
24, p. 10.  In support of his contentions the Moving Defendant has
submitted copies of Plaintiff's relevant institutional medical
records and a declaration under penalty of perjury.

Specifically, Moclock avers that that based upon his own
evaluation of the Plaintiff and the results of diagnostic testing
he made a determination that Gonzalez did not meet the criteria to
have an order for a permanent handicap cell."  Doc. 24-2, ¶ 12.
Despite that conclusion, Doctor Moclock notes that Plaintiff has
continued to receive prescribed pain medication, a cane and was

conditionally moved into a handicap cell on or about January 9, 2015.[4]

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir.  2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f  unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the

---

4.  Doctor Moclock acknowledges that if another inmate with a more serious medical need enters the prison, the potential exists for Gonzalez to be removed from the handicapped accessible cell.

serious nature contemplated by the Eighth Amendment." <u>Young v. Kazmerski</u>, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting <u>Monmouth Cty. Corr. Inst. Inmates</u>, 834 F.2d at 347).

It is undisputed that Plaintiff underwent a partial discectomy in 2006 to correct a disc herniation. Thereafter, Gonzalez has continued to complain of pain and back spasms and has been continuously been prescribed Methadone since 2005 and has also been issued a cane and had a handicapped cell assignment from December 2012 to August 12, 2014. Based upon those considerations, this Court is satisfied that the serious medical need requirement has been satisfied at this juncture in the proceedings.

The Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Farmer v. Brennan</u>, 511 U.S. 825, 841 (1994). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106. When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. <u>See</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. <u>See id</u>. However, where a failure or delay in providing prescribed treatment

8

is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.")

Moreover, a prisoner's disagreement with "evaluations and opinions regarding him" are insufficient to set forth an actionable constitutional claim. Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979). Accordingly, since the undisputed record shows that Gonzalez has been provided with ongoing treatment (including x-rays, MRI, back surgery, and pain medication) and that his claims are solely premised upon his disagreement with a medical determinations and evaluations that a handicapped cell was not medically necessary in his case which was made by the Moving Defendant, Doctor Rashida Laurence as well as other members of the prison's medical staff, a viable deliberate indifference claim has not been stated under Estelle.

This determination is bolstered by the fact that Plaintiff has continued to be provided with pain medication; a lower tier, bottom bunk designation; a cane; and not alleged that there was any specific medical treatment which he should have received but was denied for a non-medical reason or that any prescribed care was improperly delayed. Moreover, the record also shows that Doctor Moclock advised the prison's Health Card Administrator that while Plaintiff did not satisfy the criteria for handicapped cell placement, the physician would not object if Plaintiff was placed in a handicapped cell without a medical order provided that an inmate with a more serious medical need was not displaced.

Finally, the undisputed record shows that because a handicap cell was available Plaintiff has been transferred to a handicapped cell without a medical order in January, 2015 shortly after the initiation of this action.  As such, his request for such injunctive relief would appear to be moot.

Pursuant to the above discussion, Plaintiff's allegations at best set forth a claim of negligence against Doctor Moclock. However, allegations which sounds in negligence cannot be pursued under § 1983 under Durmer.


RICHARD P. CONABOY
United States District Judge

DATED:   FEBRUARY 10, 2016

FILED
SCRANTON

FEB 1 0 2016

PER _____