```
              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA


GABRIEL GONZALEZ,             :
                              :
         Plaintiff            :
                              :
    v.                        :    CIVIL NO. 3:CV-15-184
                              :
JOHN WENTZEL, ET AL.,         :    (Judge Conaboy)
                              :
         Defendants           :
```

### MEMORANDUM
### Background

    This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Gabriel Gonzalez (Plaintiff), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.). By Memorandum and Order dated February 10, 2016, Defendant Doctor Michael Moclock's motion for summary judgment was granted. Remaining Defendants are Secretary John Wetzel of the Pennsylvania Department of Corrections (DOC) and Superintendent Vincent Mooney and of SCI-Coal Twp.(hereinafter Commonwealth Defendants).

    Gonzalez generally alleges that he has "multiple cronic [sic] care issues" and pain which are not being "properly addressed" by the SCI-Coal Twp. Medical staff. Doc. 1, ¶ IV. The Plaintiff contends that although he was previously determined to be eligible for a handicapped cell, SCI-Coal Twp. RN Supervisor

1

Yackiel improperly denied his request for such continued placement on the grounds that he is not handicapped.[1] The Complaint and attached exhibits generally conclude that the Defendants have violated his constitutional rights as well as the Americans with Disabilities Act (ADA). Gonzalez seeks injunctive relief including placement in a handicapped accessible cell and evaluation by an outside physician.

Presently pending is the Commonwealth Defendants' motion to dismiss. See Doc. 26. The motion is ripe for consideration.

## Discussion

### Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A court in addressing a motion to dismiss must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A complaint must set forth facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that

---

1. Plaintiff acknowledges that due to a back condition, he has been designated for lower bunk, lower tier placement.

2

discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.[2]

The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Finally, it is noted that pro se pleadings must be afforded liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Administrative Exhaustion**

The sole argument for dismissal raised by the Commonwealth Defendants is that Plaintiff failed to exhaust his available administrative remedies. See Doc. 28, p. 1. The Commonwealth Defendants correctly note that attached to Plaintiff's Complaint is

---

2. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.

a copy of an administrative grievance filed by Gonzalez wherein he asks to be assigned to a handicapped cell. They contend that since this grievance does not name or allege personal involvement by either Secretary Wetzel or Superintendent Mooney entry of dismissal on the basis of non-exhaustion is appropriate.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001); see also Porter v. Nussle, 534 U.S. 516, 529-532 (2002). The Third Circuit Court of Appeals in Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), held that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, it is the burden of a defendant asserting the defense to plead and prove it; Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).

Entry of dismissal is appropriate when a prisoner litigant has failed to exhaust his available administrative remedies before bringing a civil rights action. See generally Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v.

4

Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

The United States Supreme Court in Jones v. Bock, 127 S.Ct. 910, 923 (2007), stated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by

rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

A Consolidated Inmate Grievance Review System has been established by the Pennsylvania Department of Corrections ("DOC").[3] Section V of DC-ADM 804 (effective December 8, 2010) states that "every individual committed to its custody shall have access to a formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of confinement." See Doc. 29, p. 8. It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager or Superintendent. A final written appeal may be presented within fifteen (15) working days to the Secretary's

---

3. The DOC's grievance system has been periodically amended.

6

Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed..

The Third Circuit Court of Appeals has recognized that under the DOC's administrative review system a prisoner's grievance should identify specific persons, if practicable. Spruill, 372 F.3d at 234. The Court of Appeals explained that an unexplained failure to identify a responsible prison official in a grievance constitutes a procedural default of the claim. It also noted that the prison's grievance process could excuse such a procedural default by identifying the unidentified person and acknowledging that they were fairly within the compass of the prisoner's grievance. However, in Jones, 549 U.S. at 219, the United States Supreme Court established that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."

It is initially noted that the Commonwealth Defendants have submitted a declaration under penalty of perjury by DOC Grievance Officer Helen Shambaugh in support of their pending motion to dismiss. See Doc. 28-2.

The Third Circuit Court of Appeals overturned the granting of a motion to dismiss for non-exhaustion of administrative remedies which was premised upon copies of an inmate's grievances and appeals, declarations from grievance coordinators, and the DOC's responses to administrative grievances on the basis that

those documents were evidentiary materials that could not be considered on a motion to dismiss. See Berry v. Klem, 283 Fed. Appx. 1, 3 (3d Cir. 2008). As recognized in Berry, the supporting declaration of Shambaugh submitted by the Commonwealth Defendant is clearly a matter outside of the Complaint and as such is not properly submitted in support of a motion to dismiss.[4]

Second, as acknowledged by the Commonwealth Defendants, Plaintiff filed and exhausted an administrative grievance regarding the same complaints about his medical care, which underlie this action. It is noted that since the substance of Gonzalez's pending claims against the Commonwealth Defendants were encompassed within that grievance the failure of the pro se Plaintiff to specifically identify Secretary Wetzel and Superintendent Mooney in his grievance may be excused. See Diaz v. Palakovich, 448 Fed. Appx. 211, 217 (3d Cir. 2011)(recognizing that procedural default that may have resulted from failing to name prison official in fully exhausted grievance can be excused). Based upon those considerations, the motion to dismiss will be denied.[5] An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 18th, 2016

---

4. Commonwealth Defendants offer no explanation as to why they did not file a motion to dismiss or in the alternative for summary judgment or a motion for summary judgment.

5. This Court offers no opinion at this juncture as to whether the Complaint adequately alleges personal involvement in unconstitutional acts by either Commonwealth Defendant.