IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GABRIEL GONZALEZ,                :
                                 :
        Plaintiff                :
                                 :
    v.                           :   CIVIL NO. 3:CV-15-184
                                 :
JOHN WENTZEL, ET AL.,            :   (Judge Conaboy)
                                 :
        Defendants               :

_____

**MEMORANDUM**
**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Gabriel Gonzalez (Plaintiff), an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.). Remaining Defendants are Secretary John Wetzel of the Pennsylvania Department of Corrections (DOC) and Superintendent Vincent Mooney and of SCI-Coal Twp.(hereinafter Commonwealth Defendants).

By Memorandum and Order dated February 10, 2016, Defendant Doctor Michael Moclock's motion for summary judgment was granted. See Doc. 48. The Commonwealth Defendants' motion to dismiss (Doc. 26) for failure to exhaust administrative remedies was denied on February 18, 2016. See Doc. 50.

As previously discussed by this Court, Gonzalez describes himself as having "multiple cronic [sic] care issues" and pain.

1

Doc. 1, ¶ IV. Plaintiff alleges that his medical problems are not being "properly addressed" by the SCI-Coal Twp. Medical staff. Although Plaintiff previously received a determination of eligibility for a handicapped cell, it is alleged that SCI-Coal Twp. RN Supervisor Yackiel improperly denied the inmate's request for such continued placement on the grounds that he is not handicapped. The Complaint and attached exhibits generally conclude that the Defendants have violated Plaintiff's constitutional rights as well as the Americans with Disabilities Act (ADA). Gonzalez seeks injunctive relief including placement in a handicapped accessible cell, pain medication, and evaluation by an outside physician.

Presently pending is the Commonwealth Defendants' motion seeking entry of summary judgment. See Doc. 58. The unopposed motion is ripe for consideration.

## Discussion

Commonwealth Defendants assert that they are entitled to entry of summary judgment on the grounds that: (1) they were not personally involved in Plaintiff's medical treatment; (2) a viable ADA claim is not set forth in the Complaint; (3) Plaintiff failed to exhaust his administrative remedies with respect to his request fo a clinical evaluation; and (4) the Commonwealth Defendants are entitled to qualified immunity.

## Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

2

movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must

3

amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Personal Involvement**

The Commonwealth Defendants' initial argument asserts that Secretary Wetzel and Superintendent Mooney are entitled to entry of summary judgment because they were not personally involved in Plaintiff's medical treatment and the decisions regarding his cell accommodations. See Doc. 60, p. 10. As previously noted, this argument is unopposed.

Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Prisoners also have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are

4

constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Pursuant to those decisions, any attempt by a prisoner to establish liability against a correctional official based upon their handling of his administrative grievances or complaints does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

It is undisputed that Plaintiff has been diagnosed as having and treated for a chronic back condition as well as having been designated for a lower bunk, lower tier placement. However, Gonzalez was not deemed to be eligible for a handicapped cell. There is no claim that either Secretary Wetzel or Superintendent Mooney was involved in Gonzalez's medical care or in the

5

decisionmaking as to his lack of suitability for placement in a handicapped cell. Rather, it is clear from exhibits attached to the complaint, that it was RN Supervisor Yackiel who made the determination that Plaintiff was not eligible for a handicapped cell. See Doc. 1, pp. 8 & 10.

Pursuant to the standards announced in Rode and Hampton, Plaintiff's action to the extent that it seeks to establish liability against Secretary Wetzel and Superintendent Mooney solely based upon their respective supervisory capacities within the Pennsylvania Department of Corrections cannot proceed. Such respondeat superior type assertions are simply insufficient for establishing civil rights liability. Likewise, any attempt by Gonzalez to set forth claims against Commonwealth Defendants Wetzel and Mooney solely based upon any responses or lack of action in reply to his administrative grievance appeals is equally inadequate under Flick and Alexander.

Since there are no factual allegations whatsoever that either of the Commonwealth Defendants was personally involved in the purported acts of constitutional misconduct, it is appropriate to grant this unopposed request for entry of summary judgment.

**ADA**

Plaintiff asserts that conduct attributed to the Commonwealth Defendants also violated his rights under the Americans with Disabilities Act (ADA). Specifically, Gonzalez alleges that he was improperly denied handicapped cell accommodations for his chronic back and pain issues.

Secretary Wetzel and Superintendent Mooney claim entitlement to entry of summary judgment on the basis that Plaintiff provides

6

no evidence of having a diagnosed disability and alleged violations of the ADA cannot be asserted against individuals. See Doc. 60, p. 6. As previously noted, this argument is unopposed.

In support of their argument, Commonwealth Defendants have submitted a declaration under penalty of perjury by SCI-Coal Twp. Health Care Administrator Karen Merritt-Scully. See Doc. 59-1, Exhibit A. Although Scully admits that Plaintiff has been treated for issues related to his back and at times has been housed in a handicapped cell, she states that the Plaintiff does not meet the criteria to have an order for a permanent handicap cell.[1]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.[2] The ADA seeks "to assure even handed treatment and the opportunity for [disabled] individuals to participate in and benefit from programs [receiving financial assistance]. Southeastern Community College v. Davis, 442 U.S. 397 (1979). P.C. v. McLaughlin, 913 F.2d 1033,

---

1. Commonwealth Defendants admit that Plaintiff was previously housed in a handicapped cell at times without a medical order because he was not displacing an inmate who was medically qualified for a handicapped cell.

2.  The regulations implementing the ADA define a "qualified individual with a disability" as:
> "An individual with a disability who, with or without reasonable modifications to rules, policies or practices, . . . meets the essential eligibility requirements for the . . . participation in programs or activities provided by a public entity."

28 C.F.R. § 35.104 (1993).

7

1041 (2d Cir. 1990). The "evenhanded treatment" requirement does not, however, impose an affirmative obligation on public entities to expand existing programs but only that disabled individuals receive the same treatment as those who are not disabled. An ADA claim requires the applicant to show that challenged action resulted from discriminatory animus based upon alleged disability. See Brown v. Pennsylvania Department of Corrections, 290 Fed. Appx. 463, 467 (3d Cir. 2008).

It has been recognized that the provisions of the ADA are applicable to prisoners confined in state correctional institutions. See Pa. Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998). As previously discussed by this Court's February 10, 2016 Memorandum and Order, the ADA applies only to claims against public entities, not individuals. See Hampton v. Wetzel, 2017 WL 954050 * 10 (M.D. Pa. March 10, 2017)(Conner, J.). As discussed by the United States Court of Appeals for the Third Circuit in Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002) "individuals are not liable under Titles I and II of the ADA." See also Koslow v. Commonwealth of Pa., 302 F.3d 161, 178 (3d Cir. 2002). Other courts within this circuit have reached similar conclusions. See Issa v. Delaware State University, 2014 WL 3974535 *4(D.Del Aug. 11, 2014)(individual liability not available for ADA claims). Pursuant to the above discussion, the two individually named Commonwealth Defendants are not properly named defendants for the purposes of an ADA claim.

Moreover, this Court also agrees that the Plaintiff has not sufficiently demonstrated that he is disabled for purposes of the

8

ADA.  Accordingly, the Court will grant the unopposed request for entry of summary judgment with respect to Gonzalez's ADA claim.

**<u>Deliberate Indifference</u>**

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976)).  Where a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was not more than mere negligence.  <u>See</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993). It is true that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  <u>See</u> <u>id.</u>

In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  <u>See</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 235-36 (3d Cir. 2004); <u>Natale v. Camden Cty. Correctional Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  <u>Monmouth Cty. Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987); <u>West v. Keve</u>, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  <u>Mines v. Levi</u>, 2009 WL 839011 *7 (E.D. Pa. March 26,

2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347). With respect to the serious medical need requirement, this Court is satisfied that Plaintiff's allegation of having a chronic back ailment satisfies the serious medical need standard at this stage in the proceedings.

The Court of Appeals for the Third Circuit in Durmer added that a non-physician defendant can not be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id. Secretary Wetzel and Superintendent Mooney are clearly non-medical defendants. The Complaint acknowledges that Gonzalez was being treated by the prison's medical staff including Doctor Moclock. There is no discernible claim that either of the Remaining Defendants denied Plaintiff any prescribed treatment for a non-medical reason. Likewise, there is no claim that the Remaining Defendants failed to provide Plaintiff with a prescribed handicapped cell. On the contrary, Plaintiff acknowledges that the prison's medical staff made a determination that he was not entitled to a handicapped cell.

As such, under the standards announced in <u>Durmer</u>, the non-medical Commonwealth Defendants are entitled to summary judgment with respect to any claim of medical deliberate indifference. The unopposed motion for summary judgment will be granted. An appropriate Order will enter.[3]

                                      <u>S/Richard P. Conaboy</u>
                                         Richard P. Conaboy
                                         United States District Judge

DATED: SEPTEMBER 18, 2018

---

3. Based upon the reasons set forth herein, the remaining arguments for summary judgment will not be addressed.